UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
DOCKET NO. 1:13-cv-00011-MOC

| | | |
|---|---|---|
| **REBECCA WARD PARKER,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **CAROLYN W. COLVIN, Acting Commissioner of Social Security,** | ) ) ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the court upon plaintiff's Motion for Summary Judgment and the Commissioner's Motion for Summary Judgment. Having carefully considered such motions and reviewed the pleadings, including the final decision of the Commissioner and the Administrative Record ("AR"), the court enters the following findings, conclusions, and Order.

### FINDINGS AND CONCLUSIONS

**I.　Administrative History**

Plaintiff filed an application for a period of disability and Disability Insurance Benefits, as well as an application for Supplemental Security Income. Plaintiff's claim was denied both initially and on reconsideration; thereafter, plaintiff requested and was granted a hearing before an administrative law judge ("ALJ"). After conducting a hearing, the ALJ issued a decision which was

1

unfavorable to plaintiff, from which plaintiff appealed to the Appeals Council. Plaintiff's request for review was denied and the ALJ's decision was affirmed by the Appeals Council, making the ALJ's decision the final decision of the Commissioner of Social Security ("Commissioner"). Thereafter, plaintiff timely filed this action.

## II. Factual Background

It appearing that the ALJ's findings of fact are supported by substantial evidence, the undersigned adopts and incorporates such findings herein as if fully set forth. Such findings are referenced in the substantive discussion which follows.

## III. Standard of Review

The only issues on review are whether the Commissioner applied the correct legal standards and whether the Commissioner's decision is supported by substantial evidence. Richardson v. Perales, 402 U.S. 389, 390 (1971); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Review by a federal court is not *de novo*, Smith v. Schwieker, 795 F.2d 343, 345 (4th Cir. 1986); rather, inquiry is limited to whether there was "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," Richardson v. Perales, supra. Even if the undersigned were to find that a preponderance of the evidence weighed against the Commissioner's decision, the Commissioner's decision would have to be affirmed if supported by substantial evidence. Hays v. Sullivan, supra.

**IV. Substantial Evidence**

**A. Introduction**

The court has read the transcript of plaintiff's administrative hearing (which was conducted by video conference), closely read the decision of the ALJ, and reviewed the extensive exhibits contained in the administrative record. The issue is not whether this court might have reached a different conclusion had it been presented with the same testimony and evidentiary materials, but whether the decision of the administrative law judge is supported by substantial evidence. The undersigned finds that it is.

**B. Sequential Evaluation**

A five-step process, known as "sequential" review, is used by the Commissioner in determining whether a Social Security claimant is disabled. The Commissioner evaluates a disability claim under Title II pursuant to the following five-step analysis:

   a.   An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings;

   b.   An individual who does not have a "severe impairment" will not be found to be disabled;

   c.   If an individual is not working and is suffering from a severe impairment that meets the durational requirement and that "meets or equals a listed impairment in Appendix 1" of Subpart P of

> Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors;
>
> d. If, upon determining residual functional capacity, the Commissioner finds that an individual is capable of performing work he or she has done in the past, a finding of "not disabled" must be made;
>
> e. If an individual's residual functional capacity precludes the performance of past work, other factors including age, education, and past work experience, must be considered to determine if other work can be performed.

20 C.F.R. § 404.1520(b)-(f). In this case, the Commissioner determined plaintiff's claim at the fourth step of the sequential evaluation process with a determination that plaintiff could perform past work as a "seamstress." An alternative finding was also made at the fifth step that there was other work that plaintiff could perform in both the national and local economies.

### C. The Administrative Decision

At step one, the ALJ determined that plaintiff had not engaged in substantial gainful activity since her alleged onset date. AR at 19. At step two, the ALJ found that plaintiff suffers from the following severe impairments: diabetes; panic disorder with agoraphobia; and back, neck, and knee pain. Id. At step three, the ALJ determined that plaintiff did not have an impairment or a combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. Id. at 20. Before proceeding to the fourth

step, the ALJ determined that plaintiff retained the residual functional capacity ("RFC") to lift up to twenty pounds occasionally and ten pounds frequently, stand, walk, and sit for six hours each in an eight-hour workday (with a sit-stand option), never climb ladders, ropes, or scaffolds, occasionally crawl, bend, stoop, and kneel, perform simple, routine, repetitive tasks, have no contact with the public and occasional contact with coworkers, and perform low stress work, defined as only occasional changes in the workplace or decision making. Id. at 22. At step four, the ALJ found that Plaintiff was capable of performing her past relevant work as a seamstress. Id. at 26. While deciding this matter at step four, the ALJ made an alternative finding at step five. After considering plaintiff's age (she was born in 1961), education, work experience, and RFC, the ALJ determined that there were jobs that existed in significant numbers in the national economy that she could perform. Id. at 27.

    **D.    Discussion**

        **1.    Plaintiff's Assignments of Error**

Plaintiff has made the following assignment of error: "The Administrative Law Judge ("ALJ") improperly evaluated the medical opinion evidence…." Complaint (#13) at 1.

2. **Assignment of Error**

Plaintiff contends that the ALJ improperly evaluated the medical and mental health opinions and evidence from Dr. Ramage and Dr. Zeisz. A treating physician is a physician who has observed the plaintiff's condition over a prolonged period of time. Mitchell v. Schweiker, 699 F.2d 185, 187 (4th Cir. 1983). The opinion of a treating physician is only entitled to controlling weight if it is supported by "clinical and laboratory diagnostic techniques," and is not inconsistent with other substantial evidence. 20 C.F.R. § 404.1527(d)(2).

> If a physician's opinion is not given controlling weight, then the "factors listed below" and in paragraphs (d)(3) through (5) used to determine the amount of weight to be given it are (1) the length of the treatment relationship and the frequency of examination ("the longer a treating source has treated you and the more times you have been seen by a treating source, the more weight we will give to the source's medical opinion"); (2) the nature and extent of the treatment relationship; (3) supportability ("the more a medical source presents relevant evidence to support an opinion, particularly medical signs and laboratory findings, the more weight we will give that opinion"); (4) consistency ("the more consistent an opinion is with the record as a whole, the more weight we will give to that opinion"); and (5) specialization ("[w]e generally give more weight to the opinion of a specialist about medical issues related to his or her area of specialty than to the opinion of a source who is not a specialist"). Id. The regulation also makes clear, however, that the ultimate determination of disability is reserved for the Commissioner, and "[a] statement by a medical source that you are 'disabled' or 'unable to work' does not mean that we will determine that you are disabled." 20 C.F.R. § 416.927(e)(1).

Pittman v. Massanari, 141 F.Supp.2d 601, *608 (W.D.N.C. 2001).

### A. Dr. Ramage

Plaintiff's first argues that the ALJ failed to explain the inconsistencies between the RFC he found (discussed above) and the opinion of Dr. Ramage, to which he assigned "significant weight." Review of the AR reveals that Dr. Ramage was of the opinion that plaintiff was "able to attend and focus fairly well during periods of increased anxiety." AR at 346. He also stated that, "during panic attacks, she may have difficulty focusing and concentrating fully" and that panic attacks "may also negatively impact her persistence and pace in the work environment." Id. The RFC assigned by the ALJ appears to fully account for these medical determinations, as the ALJ found that plaintiff had moderate limitations in concentration, persistence, and pace (AR at 21), and found that plaintiff retained the RFC to perform simple, routine, repetitive tasks, have no contact with the public and occasional contact with coworkers, and perform low stress work, defined as only occasional changes in the work setting and occasional decision-making. AR at 22. Further, plaintiff has not demonstrated how such RFC determine conflicts with Dr. Ramage's opinions. Wake v. Astrue, 2012 WL 6851168 (W.D.N.C. Dec. 4, 2012), aff'd, 2013 WL 145764 (W.D.N.C. Jan. 14, 2013). Further, the fact that the Vocational Expert ("VE") responded to a

hypothetical posed by counsel for plaintiff, which counsel believed was consistent with Dr. Ramage's opinions, but which was not consistent with the ALJ's RFC determination is of no consequence. Here, the ALJ asked the VE a hypothetical question that adequately conveyed the limitations he assessed in the RFC, which was in turn supported by substantial evidence, including the opinions of Dr. Ruffing and Dr. Salmony, a state agency physician. AR at 68. VE testimony in response to a hypothetical question based on an *accurate* RFC constitutes substantial evidence. Walker v. Bowen, 889 F.2d 47, 50-51 (4th Cir. 1989). The ALJ did not err in assessing plaintiff's RFC in light of Dr. Ruffing's opinion.

Broadly read, plaintiff's contention may also be a general assignment of error to the ALJ's RFC determination. The ALJ is solely responsible for determining the RFC of a claimant. 20 C.F.R. § 404.1546(c). In determining RFC, the ALJ must consider the functional limitations and restrictions resulting from the claimant's medically determinable impairments. S.S.R. 96-8p. Inasmuch as RFC is determined at the fourth step of the sequential evaluation process, the burden is on the claimant to establish that he or she suffers from a physical or mental impairment which limits functional capacity. Hall v. Harris, 658 F.2d 260, 264 (4th Cir. 1981). When an ALJ finds at least one severe impairment, all impairments, both severe and non-severe, are considered in assessing a claimant's

RFC. 20 C.F.R. §§ 404.1520(e), 404.1545(a)(2); SSR 96-8p. As the ALJ found that plaintiff had severe impairments, "the question of whether the ALJ characterized any other alleged impairment as severe or not severe is of little consequence." Pompa v. Comm'r of Social Security, 2003 WL 21949797, at *1 (6th Cir. Aug. 11, 2003).[1] In order for an impairment to be severe it must significantly limit a plaintiff's ability to perform basic work activities. See 20 C.F.R. § 404.1520(c). Here, plaintiff has failed to identify how any of the impairments she contends were severe resulted in work-related limitations greater than those found by the ALJ during the relevant time period. Accordingly, this more generalized claim of error must also fail.

### B. Dr. Zeisz

Unlike the opinion of Dr. Ramage, the ALJ assigned little weight to the opinion of Dr. Zeisz. Medical opinions are evaluated pursuant to the following non-exhaustive list:

    (1) whether the physician has examined the applicant,
    (2) the treatment relationship between the physician and the applicant,
    (3) the supportability of the physician's opinion,
    (4) the consistency of the opinion with the record, and
    (5) whether the physician is a specialist.

---

[1] Due to the limits of Electronic Case Filing, a copy of such unpublished decision is placed in the electronic docket through incorporation of the Westlaw citation.

Johnson v. Barnhart, 434 F.3d 650, 654 (4th Cir. 2005) (citing 20 C.F.R. § 404.1527). In not fully crediting such opinion, th ALJ explained that he gave little weight to Dr. Zeisz's opinion because it was based "almost solely on the claimant's subjective report of symptoms on one occasion, as opposed to objective findings or a longitudinal treatment," and because the other medical evidence of record did not support the extreme limitations Dr. Zeisz found. AR at 26. Clearly, the ALJ properly gave such opinion little weight and further satisfied his obligation of explaining why he gave such opinion less than full credit.

  **C. Inconsistency in Consideration of the Opinions of Drs. Ramage and Zeisz**

Finally, plaintiff contends that the ALJ erred in giving Dr. Ramage's opinion "significant weight" while only giving Dr. Zeisz's opinion "little weight" inasmuch as each doctor only saw plaintiff on one occasion. While the court agrees that an ALJ cannot credit one opinion for some reason and then discredit another opinion for that same reason, that is not what occurred in this case. Here, the ALJ determined that Dr. Ramage's opinions were well supported by examination findings and consistent with the record, id. at 25, but that Dr. Zeisz's opinion was not supported by clinical evidence and was inconsistent with the record. Id. at 26. In particular, Dr. Zeisz, while conducting a battery of tests, did not relate clinical findings or test results to the functional limitations she assessed. See AR at 544-

549. Instead, the ALJ found that Dr. Zeisz's reportwas based heavily on plaintiff's own subjective complaints. Id. at 26. Substantial evidence supports that determination. Id. at 544-549. See Mastro v. Apfel, 270 F.3d 171, 178-79 (4th Cir. 2001) (holding that the ALJ may give little weight to an opinion based largely on a claimant's subjective complaints).

### D. Conclusion

The court has carefully reviewed the decision of the ALJ, the transcript of proceedings, plaintiff's motion and brief, the Commissioner's responsive pleading, and plaintiff's assignments of error. Review of the entire record reveals that the decision of the ALJ is supported by substantial evidence. See Richardson v. Perales, supra; Hays v. Sullivan, supra. Finding that there was "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," Richardson v. Perales, supra, plaintiff's Motion for Summary Judgment will be denied, the Commissioner's Motion for Summary Judgment will be granted, and the decision of the Commissioner will be affirmed.

### ORDER

**IT IS, THEREFORE, ORDERED** that

(1) the decision of the Commissioner, denying the relief sought by plaintiff, is **AFFIRMED**;

(2) the plaintiff's Motion for Summary Judgment (#12) is **DENIED**;

(3) the Commissioner's Motion for Summary Judgment (#14) is **GRANTED**; and

(4) this action is **DISMISSED**.

Signed: September 3, 2013

Max O. Cogburn Jr.
United States District Judge